IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | |
|---|---|
| **LOU LIGGINS** :<br><br>**Plaintiff,** :<br>v. :<br><br>**DUNCANVILLE, TEXAS** :<br>203 E. Wheatland Rd. :<br>Duncanville, TX 75116 :<br><br>And :<br><br>**JOHN DOE** :<br>c/o Duncanville, Texas :<br>203 E. Wheatland Rd. :<br>Duncanville, TX 75116 :<br>**Defendants.** : | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

NOW COMES Lou Liggins, complaining of Defendant Duncanville, Texas ("the City"), and John Doe, and for cause would show the Honorable Court as follows:

1. On March 20, 2018, Lou Liggins was shot by John Doe, a 25-year-old white male Duncanville, Texas police officer.

2. This is an action brought by the Plaintiff against Defendants, Duncanville, Texas and its agent and servant, John Doe for his use of excessive force under the color of state law resulting in the unlawful shooting of Lou Liggins in violation of his rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983.

3. This action also asserts claims under state law claims for assault and battery against John Doe.

4. Plaintiff alleges that Duncanville failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise properly equip and control officers including those who

1

are known, or who should have been known, to engage in the use of excessive force and/or deadly force. Further, Duncanville failed to properly implement training and policies governing the crisis intervention and interaction with individuals with severe mental health issues.

5. The City had a duty, but failed to implement and/or enforce training, policies, practices and procedures for the Duncanville Police Department that respected Plaintiff's constitutional rights.

6. Defendant City's failure to adequately supervise, discipline, and train Defendant Doe, failure to implement the necessary policies and procedures, and affirmative implementation of unconstitutional policies caused Plaintiff's unwarranted and excruciating physical and mental anguish and death.

7. Defendant Doe acted in an objectively unreasonable manner and disregarded the rights of Plaintiff, knowing that the City would approve and/or ratify his actions.

8. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks redress and compensation for damages for his unjustified shooting.

**PARTIES**

9. Plaintiff, Lou Liggins, is an adult individual and a resident of the state of Texas.

10. Defendant Doe, is and/or was a police officer with the Duncanville Police Department. Upon information and belief, he is a twenty-five-year-old white male resident of the state of Texas.

11. Defendant Duncanville, Texas is a municipality duly organized and existing under the laws of the state of Texas. Defendant Duncanville, Texas is responsible for the funding, budget, policies, operation, and oversight of the Duncanville Police Department

("DPD"). The DPD is also responsible for preventive, investigative, and enforcement services for all citizens of Duncanville. Defendant Duncanville may be served via the Office of the City Manager at 203 E. Wheatland Rd. Duncanville, Texas.

## JURISDICTION AND VENUE

12. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights of Lou Liggins. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

13. Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Northern District of Texas.

## FACTS

14. On or about, March 20, 2018, Lou Liggins began suffering from a severe mental health episode.

15. Lou had stopped taking prescribed medications and was expressing suicidal ideations.

16. Lou's mother, Mary Brown called health care providers associated with Lou's mental health treatment to request emergency assistance. Those health care providers advised Ms. Brown to call 911.

17. Ms. Brown was reluctant to do so but called Duncanville police and informed them that Lou was suffering from a mental health episode, but that he was unarmed and not dangerous.

18. Ms. Brown received repeated assurances from the that the Duncanville police department would not shoot Lou and that a negotiating team would be brought to the scene.

19. Despite these assurances, Duncanville police officers descended on the scene and entered the house with guns drawn.

20. No negotiators, certified mental health peace officers, or mental health professionals made contact with Lou.

21. The Chief of Police for Duncanville was present on the scene and assured Ms. Brown that Duncanville police officers would not shoot Lou.

22. While many Duncanville police officers were equipped with bean bags, rubber bullets, and other non-lethal tools, John Doe officer entered the scene with his firearm equipped with standard issue hollow point bullets.

23. As the officers made contact with Lou, he attempted to retrieve his cell phone and was shot in the stomach by Defendant Duncanville Police Officer John Doe.

24. Immediately after the shooting, one Duncanville police officer screamed at Defendant Doe, "What the hell are you doing?!"

25. Lou was transported from the scene to Methodist Health System where he received emergency surgery for the gunshot wound to his abdomen.

26. Lou has lasting pain and physical limitations as a result of the gunshot wound.

27. Upon information and belief, body camera video exists of the shooting.

28. Despite repeated requests, Defendant Duncanville, Texas has refused to produce any body camera footage or other investigative materials that would identify their employee, Defendant John Doe.

**COUNT I: 42 U.S.C. § 1983 EXCESSIVE FORCE**

## LOU LIGGINS AGAINST DEFENDANT JOHN DOE

29. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

30. Plaintiff would show that Defendant Doe's actions on the date at issue in this Complaint deprived Liggins of his constitutional rights.

31. Plaintiff would show that Defendant Doe failed to act as an objectively reasonable officer would have acted in the same or similar circumstances. That is, Defendant Doe, without legal or necessary justification or the need to do so, used excessive force as described above and caused severe and lasting physical injury to Plaintiff.

32. Plaintiff would show that Defendant Doe denied Liggins of his right to be free from the use of excessive force in violation of the 4th Amendment to the United States Constitution.

33. The force used by Defendant Doe was objectively unnecessary, excessive and unreasonable under the circumstances, as Liggins did not pose an immediate threat to the safety of Defendant Doe or others. Defendant Doe embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact did cause Plaintiff to suffer extreme and severe physical pain and injury, as well as mental and emotional distress, anxiety, terror and agony.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Defendant Doe pursuant to 42 U.S.C. § 1983, in an amount in excess of One Million Dollars ($1,000,000.00), including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages as provided by law, attorneys' fees under 42 U.S.C. § 1985 and 1988, and any other remedies legally appropriate.

## COUNT II: MUNICIPAL LIABILITY
## LOU LIGGINS AGAINST DEFENDANT DUNCANVILLE TEXAS

34. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

35. The conduct of Defendant Doe as set forth in the preceding paragraphs evinces the excessive and unreasonable use of force in violation of Plaintiff's constitutional rights.

36. The conduct set forth *supra* evinces a custom of using excessive or improper force, a lack of policies and training instructing officers on the appropriate manner in which to handle individuals suffering from acute and severe mental health episodes.

37. Defendant Duncanville had actual knowledge of the need for policies and training related to police officer interactions with individuals suffering from mental health episodes, yet Duncanville refused to implement any formal policies or training on these issues.

38. Duncanville's actual knowledge is evidence by legislation passed by the Texas state legislature:

    a. 1993 H.B. 771 established a goal in Section 531.00(g) of the Health and Safety Code of at least one special officer for mental health assignment in each county and provides for training of such officers; and,

    b. S.B. 1473 amended 1701.253 of the Occupations Code by requiring training in "de-escalation and crisis intervention techniques to facilitate interaction with persons with mental impairments." The amendment made such training mandatory for persons licensed as a police officer for more than two years.

39. Despite these bills, Duncanville failed to properly train Defendant Doe.

40. As a result, Duncanville officers including John Doe are woefully equipped to address individuals suffering from mental health incidents.

41. This lack of policies and training was a moving force behind the deprivation of Plaintiff's constitutional rights.

**WHEREFORE**, Plaintiff demands judgment in his favor, and against Defendant the Duncanville, Texas pursuant to 42 U.S.C. § 1983, in an amount in excess of One Million Dollars

($1,000,000.00), including interest, delay damages, costs of suit, general and specific damages, attorneys' fees under 42 U.S.C. § 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

### COUNT III - ASSAULT AND BATTERY
**LOU LIGGINS AGAINST DEFENDANT DOE**

42. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

43. At or about the dates and places alleged herein, Defendant Doe, while acting within the course and scope of his duties as a Police Officer for the Duncanville PD, without provocation, warrant, necessity, or legal justification, assaulted and battered Lou Liggins by pointing his gun at Liggins and shooting him in the abdomen, thereby causing severe injury as herein described.

**WHEREFORE**, Plaintiff demands judgment in his favor, and against Defendant Doe, in an amount in excess of One Million Thousand Dollars ($1,000,000.00), including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages, and any other damages legally appropriate at the time of jury trial.

Respectfully submitted,

**MERRITT LAW FIRM, LLC**

/s/ S. Lee Merritt
S. Lee Merritt, Esquire
PA Bar No. 314891
1910 Pacific Ave., Suite 8000
Dallas, TX 75201
888-647-3041

Date: March 17, 2020